IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA

Case No.: 4:14-cv-188

| | |
|---|---|
| ERVIN GOODING | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| SCOTTSDALE INSURANCE COMPANY | ) |
| | ) |
|     Defendant. | ) |
| | ) |

## NOTICE OF REMOVAL

NOW INTO COURT, comes Defendant, Scottsdale Insurance Company (hereinafter referred to as "Scottsdale"), which pursuant to 28 U.S.C. § 1332, 28 U.S.C. § 1441 and 28 U.S.C. § 1446 and with a full reservation of rights, hereby removes the lawsuit styled *Ervin Gooding v. Scottsdale Insurance Company,* Case No. 14-CVS-818, on the docket of the General Court of Justice Superior Court Division for the County of Lenoir, State of North Carolina, to the United States District Court for the Eastern District of North Carolina. Scottsdale respectfully submits that the grounds for its removal of this action are as follows:

1. On August 25, 2014, Plaintiff Ervin Gooding ("Plaintiff") initiated this lawsuit by filing a Complaint in the General Court of Justice, Superior Court Division for the County of Lenoir, State of North Carolina ("the State Court Action").

2. In the State Court Action, Plaintiff alleges that Scottsdale breached its contract with Plaintiff by failing to pay benefits owed under Policy No. HOS0430673 arising out of an August 2011 hurricane loss. Plaintiff also brings claims for unfair and deceptive trade practices,

bad faith claim settlement, breach of fiduciary duty/implied common law duty of good faith & fair dealing, and negligent misrepresentation.

3. On September 9, 2014, Scottsdale was served with a summons and a copy of Plaintiff's Complaint in the State Court Action. (See **Exhibit "A"** attached hereto and incorporated by reference.)

4. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon Scottsdale in the State Court Action are attached hereto as **Exhibit "A"**.

## Citizenship of the Parties

5. At all pertinent times, Scottsdale is a surplus lines insurance carrier organized and existing under the laws of the State of Ohio, with its principal place of business in Arizona.

6. Upon information and belief, Plaintiff is a citizen and resident of Lenoir County, North Carolina.

## Amount in Controversy

7. There is more than $75,000, exclusive of interest and costs, in controversy in this lawsuit.

8. In his Complaint, Plaintiff simply alleges that "[t]he amount in controversy exceeds the sum of Ten Thousand Dollars ($10,000.00) exclusive of interests and costs.""[1]

9. Where the amount in controversy is not apparent from the face of the complaint, this Court may consider evidence outside the complaint in order to determine the amount in controversy, including demand letters. *Wood v. General Dynamics Advanced Information Systems, Inc.*, Case No. 1:08-cv-624, 2009 WL 1687967 (M.D.N.C. 2009) (collecting cases from

---

[1] North Carolina law does not permit a plaintiff to claim a specific amount greater than $25,000 in damages. *See, generally, Lee Elec. Constr. Inc., v. Eagle Elec., LLC*, 2003 WL 21369256 (M.D.N.C. 2003) (noting that in North Carolina "a plaintiff can plead for judgment in excess of a certain dollar amount," but is prohibited from pleading the exact amount of damages, "making it difficult to determine the exact amount in controversy [.]")

other circuits); *Crespo v. Delta Apparel, Inc.*, Case No. 5:07-cv-65-v, 2008 WL 2986279 (W.D.N.C. 2008); *Green v. Metal Sales Mfg. Corp.*, 394 F.Supp.2d 864, 866 (S.D. W. Va. 2005).

10. Here, Plaintiff has made a demand for $247,186.05. Specifically, by correspondence to Scottsdale dated November 26, 2013, Plaintiff's counsel indicated that his client was entitled to $82,395.35, which amount "should be trebled to $247,186.05 pursuant to N.C. Gen. Stat. § 75-16.1 on account of Scottsdale's unfair and deceptive practices. (*See* **Exhibit "B"**, attached hereto and incorporated by reference.) Plaintiff's demand letter does concede that his claimed actual damages ($64,895.35) must be reduced by any payment already made to the Plaintiff and any applicable deductible. In this instance, Scottsdale has already issued payments to Plaintiff in the amount of $25,691.50, after applying the Policy's $500 deductible. Additionally, a portion of Plaintiff's demand was for alleged attorney's fees in the amount of $15,000.00, which Plaintiff attempted to treble for a total of $45,000.00 but which should not be included when calculating the amount in controversy. Backing out the previous payment and those attorney's fees, Plaintiff's demand would still be $125,111.55.

11. While it is Scottsdale's position that Plaintiff is legally unable to treble certain other alleged damages, and while Scottsdale does not admit that Plaintiff could ever recover more than $75,000, because Plaintiff has made a demand for more than $75,000.00, the amount of controversy has been satisfied for purposes of removal. *See, e.g., Carver v. Phoenix Ins. Co.*, Case No. 1:11-CV-203, 2012 WL 1476064 at *2 (W.D.N.C., Apr.24, 2012) (holding "absent some concession by Plaintiff that [the] demand letter was artificially inflated," such a demand letter constitutes sufficient evidence to satisfy the jurisdictional amount in controversy requirement); *Bronick v. State Farm Mut. Auto. Ins. Co.*, Case. No. CV-11-01442-PHX-JAT, 2011 WL 5592898 at *3–4 (D. Ariz., Nov.17, 2011) (same).

## Timeliness of Removal

12. Thirty (30) days have not elapsed from the date Scottsdale first received a copy of the Complaint. Furthermore, one year has not passed from the commencement of this action, which occurred on August 25, 2014. Accordingly, this Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b).

## Conclusion

13. 28 U.S.C. § 1441(a) provides:

> Except as otherwise provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

14. Given that there is diversity of citizenship between the only plaintiff and the only defendant and because the amount in controversy exceeds $75,000, exclusive of interest, attorneys' fees and costs, this Court has jurisdiction over this civil action pursuant to 28 U.S.C. § 1332. Accordingly, this action may be removed to this Court pursuant to 28 U.S.C. § 1441.

15. Venue is proper under 28 U.S.C. § 1446(a) because the State Court Action is pending in within the United States District Court for the Eastern District of North Carolina.

16. Promptly after filing this Notice of Removal, written notice hereof will be given to all parties. In additional, Scottsdale will file a copy of this Notice of Removal with the Clerk of Court for the General Court of Justice Superior Court Division for the County of Lenoir, State of North Carolina in conformity with 28 U.S.C. § 1446(d).

WHEREFORE, Defendant, Scottsdale Insurance Company, prays that this Notice of Removal be deemed good and sufficient, that the aforesaid Complaint be removed from the General Court of Justice, Superior Court Division for the County of Lenoir, State of North

Carolina to the United States District Court for the Eastern District of North Carolina for trial and determination as provided by law, and that this Court enter such orders and issue such process as may be proper to bring before it copies of all records and proceedings in such civil action from such state court and thereupon proceed with the civil action as if it had been commenced originally herein.

This the 6th day of October 2014.

Respectfully submitted,

PHELPS DUNBAR LLP

/s/ Robert M. Kennedy, Jr.
Kevin M. O'Brien, NC Bar #43373
obrienk@phelps.com
Robert M. Kennedy, Jr., NC Bar #36865
robert.kennedy@phelps.com
Phelps Dunbar LLP
GlenLake One
4140 ParkLake Avenue, Suite 100
Raleigh, North Carolina 27612-3723
Telephone:    919-789-5300
Facsimile:    919-789-5301

*Attorneys for Defendant Scottsdale Insurance Company*

# Certificate of Service

The undersigned certifies that the document to which this Certificate is affixed was served upon the following parties by U.P.S. Overnight Delivery on October 6, 2014.

G. Christopher Olson
Martin & Jones, PLLC
410 Glenwood Avenue
Suite 200
Raleigh, North Carolina 27603

Richard G. Paxton
Mostyn Law Firm
3810 West Alabama Street
Houston, Texas 77027

*Attorneys for Plaintiff Ervin Gooding*

                                        PHELPS DUNBAR LLP

                                        /s/ Robert M. Kennedy, Jr.
                                        Kevin M. O'Brien, NC Bar #43373
                                        obrienk@phelps.com
                                        Robert M. Kennedy, Jr., NC Bar #36865
                                        robert.kennedy@phelps.com
                                        Phelps Dunbar LLP
                                        GlenLake One
                                        4140 ParkLake Avenue, Suite 100
                                        Raleigh, North Carolina 27612-3723
                                        Telephone:    919-789-5300
                                        Facsimile:     919-789-5301

                                        *Attorneys for Defendant Scottsdale Insurance Company*