# STATE OF NORTH CAROLINA

Lenoir County

File No. 14 CVS 818

In The General Court Of Justice
☐ District  ☒ Superior Court Division

**Name Of Plaintiff**
Ervin Gooding

**Address**
410 Glenwood Ave., Suite 200

**City, State, Zip**
Raleigh   NC   27603

## CIVIL SUMMONS
☐ ALIAS AND PLURIES SUMMONS (ASSESS FEE)

G.S. 1A-1, Rules 3, 4

**VERSUS**

**Name Of Defendant(s)**
Scottsdale Insurance Company

Date Original Summons Issued

Date(s) Subsequent Summons(es) Issued

**To Each Of The Defendant(s) Named Below:**

**Name And Address Of Defendant 1**
Scottsdale Insurance Company
c/o Michael D. Miller, President
8877 North Gainey Center Drive
Scottsdale   AZ   85258

**Name And Address Of Defendant 2**

RECEIVED
SEP 9 - 2014
CLAIMS LEGAL

### A Civil Action Has Been Commenced Against You!

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

**Name And Address Of Plaintiff's Attorney (If None, Address Of Plaintiff)**
G. Chris Olson
410 Glenwood Ave., Suite 200
Raleigh, NC 27603

Date Issued: 8-25-14
Time: 3:18 ☒ PM

Signature: [signed]
☐ Deputy CSC  ☒ Assistant CSC  ☐ Clerk Of Superior Court

☐ **ENDORSEMENT (ASSESS FEE)**
This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days.

Date Of Endorsement
Time
Signature
☐ Deputy CSC  ☐ Assistant CSC  ☐ Clerk Of Superior Court

**NOTE TO PARTIES:** Many counties have **MANDATORY ARBITRATION** programs in which most cases where the amount in controversy is $15,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.

AOC-CV-100, Rev. 6/11
© 2011 Administrative Office of the Courts
(Over)

Exhibit A

## RETURN OF SERVICE

I certify that this Summons and a copy of the complaint were received and served as follows:

### DEFENDANT 1

| Date Served | Time Served ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

### DEFENDANT 2

| Date Served | Time Served ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason.

| Service Fee Paid $ | Signature Of Deputy Sheriff Making Return |
|---|---|
| Date Received | Name Of Sheriff (Type Or Print) |
| Date Of Return | County Of Sheriff |

AOC-CV-100, Side Two, Rev. 6/11
© 2011 Administrative Office of the Courts

RECEIVED
SEP 9 - 2014
CLAIMS LEGAL

STATE OF NORTH CAROLINA     IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
LENOIR COUNTY     FILE NO. 14 CvS 818

| | |
|---|---|
| ERVIN GOODING,<br>    Plaintiff,<br><br>v.<br><br>SCOTTSDALE INSURANCE COMPANY,<br>    Defendant. | COMPLAINT<br>(Jury Trial Demanded) |

NOW COMES, Ervin Gooding ("Plaintiff"), by counsel, for his Complaint and Jury Demand against Defendant Scottsdale Insurance Company ("Scottsdale" or "Defendant"), alleging the following upon information and belief:

## PARTIES

1. Plaintiff Ervin Gooding is a citizen and resident of Lenoir County, North Carolina.

2. Defendant Scottsdale Insurance Company is an Ohio corporation with its home office in Columbus, Ohio that is licensed and authorized by the North Carolina Department of Insurance to conduct business as an insurer in the State of North Carolina and that engages in the business of insurance in North Carolina.

3. With respect to Plaintiff's claims against Defendant asserted herein, Defendant has wrongfully breached the insurance contract with Plaintiff and wrongfully committed bad faith settlement practices and unfair and deceptive trade practices that proximately caused Plaintiff's damages described herein, and to be developed in discovery, and for which Defendant should be held liable.

## JURISDICTION & VENUE

4. Jurisdiction is proper in North Carolina pursuant to N.C. Gen. Stat. § 1-75.4.

5. The amount in controversy exceeds the sum of Ten Thousand Dollars ($10,000.00) exclusive of costs and interest.

6. Venue is proper in Lenoir County pursuant to N.C. Gen. Stat. § 1-79 and N.C. Gen. Stat. § 1-82.

## FACTS COMMON TO THE COUNTS

7. Plaintiff incorporates, re-alleges, and adopts by reference paragraphs 1-6, as though fully set forth herein.

8. Plaintiff is the owner of a North Carolina Homeowners' Insurance Policy, which was issued by Defendant Scottsdale (hereinafter referred to as "the Policy").

9. Plaintiff owns the insured real property, which is specifically located at 1304 Girl Scout Road, Kinston, North Carolina 28501, in Lenoir County ("the Property").

10. Defendant Scottsdale sold the Policy insuring the Property to Plaintiff.

11. Plaintiff entered into an insurance contract with Defendant Scottsdale, dated effective December 11, 2010, and providing coverage against loss from wind and wind-related damage caused by hurricanes and other wind-related events.

12. On or about August 27, 2011, Hurricane Irene struck North Carolina, causing severe damage to homes and businesses throughout the State, including Plaintiff's residence. Plaintiff's roof sustained extensive wind and wind-related damage during the storm. Water intrusion through Plaintiff's roof caused significant damage throughout the interior of the home including, but not limited to, the ceilings, walls, insulation, and flooring. Plaintiff's Property also sustained

substantial structural and exterior damage, as well as damage to the fence, due to hurricane force winds.

13. Plaintiff suffered covered losses under the insurance contract with Scottsdale as a result of Hurricane Irene and submitted a claim to his insurance company, Defendant Scottsdale pursuant to the Policy, for covered damages to his home caused by the hurricane.

14. Plaintiff submitted a claim to Scottsdale against the Policy for Other Structure Damage, Roof Damage, Structural Damage, Water Damage, and Wind Damage the Property sustained as a result of the storm and asked that Scottsdale cover the cost of repairs to the Property pursuant to the Policy including, but not limited to, repair and/or replacement of Plaintiff's roof and repair of the exterior and structural damages and interior water damages to the Property caused by Hurricane Irene.

15. Defendant Scottsdale and its personnel failed to adequately train and supervise the adjusters assigned to Plaintiff's claim and/or failed to thoroughly review and properly oversee the work of the assigned adjusters, ultimately approving an improper adjustment of and an inadequate, unfair settlement of Plaintiff's claim. As a result of Defendant's wrongful acts and omissions set forth above and further described herein, Plaintiff was considerably underpaid on his claim and has suffered damages.

16. Together, Defendant Scottsdale and its personnel set out to deny and/or underpay on Plaintiff's properly covered damages and losses. Scottsdale misrepresented to Plaintiff that the adjuster's estimate included all of Plaintiff's properly covered hurricane and windstorm damages and losses and made sufficient allowances to cover the cost of repairs to Plaintiff's Property pursuant to the Policy when, in fact, the estimate failed to include many of Plaintiff's properly covered storm damages and failed to allow sufficient funds to cover the cost of repairs to

Page 3

Plaintiff's Property. Defendant Scottsdale and its personnel failed to provide full coverage for the damages sustained by Plaintiff and under-scoped and undervalued Plaintiff's damages, thereby denying adequate and sufficient payment on Plaintiff's claim.

17. As a result of Defendant Scottsdale's unreasonable investigation, Plaintiff's claim was improperly adjusted and Plaintiff was considerably underpaid on his claim and has suffered damages. The mishandling of Plaintiff's claim has caused a delay in Plaintiff's ability to fully repair his home, which has resulted in additional damages, and, to date, Plaintiff has yet to receive the full payment he is entitled to under the Policy.

18. As detailed in the paragraphs above and further below, Defendant Scottsdale wrongfully denied Plaintiff's claim for repairs of the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiff. Furthermore, Defendant Scottsdale underpaid some of Plaintiff's claims by not providing full coverage for the damages sustained by Plaintiff, as well as under-scoping the damages during its investigation.

19. To date, Defendant Scottsdale continues to delay in the payment for the damages to the Property. As such, Plaintiff has not been paid in full for the damages to his home caused by Hurricane Irene.

20. Defendant Scottsdale failed to perform its contractual duties to adequately compensate Plaintiff under the terms of the Policy. Specifically, it refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiff. Defendant Scottsdale's conduct constitutes a breach of the insurance contract between Scottsdale and Plaintiff.

Page 4

21. Defendant Scottsdale misrepresented to Plaintiff that damages to the Property caused by Hurricane Irene were not covered under the Policy, even though the damages were caused by a covered occurrence.

22. Defendant Scottsdale failed to make an attempt to settle Plaintiff's claim in a fair manner, although it was aware of its liability to Plaintiff under the Policy.

23. Defendant Scottsdale failed to explain to Plaintiff the reasons for its offer of an inadequate settlement. Specifically, Defendant Scottsdale failed to offer Plaintiff adequate compensation, without any explanation why full payment was not being made.

24. Defendant Scottsdale failed to affirm or deny coverage of Plaintiff's claim within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendant Scottsdale.

25. Defendant Scottsdale refused to fully compensate Plaintiff, under the terms of the Policy, even though it failed to conduct a reasonable investigation. Specifically, and in part, Defendant Scottsdale performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses on the Property.

26. Defendant Scottsdale failed to meet its obligations under North Carolina law to conduct a prompt and reasonable investigation of Plaintiff's claim.

27. Defendant Scottsdale failed to meet its obligations under North Carolina law regarding timely or promptly acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim, and requesting all information reasonably necessary to investigate Plaintiff's claim.

28. Defendant Scottsdale failed to meet its obligations under North Carolina law to accept or deny Plaintiff's full and entire claim within a prompt and reasonable time of receiving all necessary information.

Page 5

Case 4:14-cv-00188-H   Document 1-1   Filed 10/06/14   Page 7 of 19

29. Defendant Scottsdale failed to meet its obligations under North Carolina law to pay Plaintiff's promptly and without delay. Specifically, it has delayed full payment of Plaintiff's claim longer than allowed and, to date, Plaintiff has not received full payment for his claim.

30. From and after the time Plaintiff's claim was presented to Defendant Scottsdale, the liability of Defendant Scottsdale to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, Scottsdale has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied on to deny full payment.

31. Defendant Scottsdale performed an outcome-oriented investigation of Plaintiff's claim for Hurricane Irene damages, which resulted in a biased, unfair, and inequitable evaluation of the claim and resulted in wrongful denial and/or underpayment of Plaintiff's properly-covered claims under the Policy.

32. Defendant Scottsdale failed to meet its obligations under North Carolina law to adopt and implement reasonable and adequate standards for the prompt investigation of Plaintiff's claim.

33. Defendant Scottsdale negligently made false representations as material facts and/or concealed all or part of material information from Plaintiff.

34. Defendant Scottsdale improperly undervalued and/or underestimated the damages to Plaintiff's Property caused by Hurricane Irene and denied that the damages to Plaintiff's Property were caused by Hurricane Irene and/or covered under the Policy,

35. As a result of Defendant Scottsdale's wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorneys and law firms who are representing Plaintiff with respect to these causes of action.

Page 6

Case 4:14-cv-00188-H   Document 1-1   Filed 10/06/14   Page 8 of 19

36. Upon information and belief, Plaintiff's experience is not an isolated case as the acts and omissions Defendant Scottsdale committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of Defendant Scottsdale with regard to handling these types of claims.

37. Defendant Scottsdale's conduct as herein alleged constitutes a direct violation of N.C. Gen. Stat. § 58-63-15 and the North Carolina Unfair and Deceptive Trade Practices Act ("UDTPA"), N.C. Gen. Stat. § 75-1.1, *et seq.*

38. Defendant Scottsdale's conduct as herein alleged also constitutes a direct violation of North Carolina Unfair and Deceptive Trade Practices Act, N.C. Gen. Stat. § 75-1.1, *et seq.*

## CAUSES OF ACTION

39. Plaintiff incorporates, re-alleges, and adopts by reference paragraphs 1-38 as though fully set forth herein.

40. Defendant Scottsdale is liable to Plaintiff for breach of contract, bad faith settlement practices, breach of the implied common law duty of good faith and fair dealing, or fiduciary duty, owed to insureds in insurance contracts, violations of the North Carolina Unfair and Deceptive Trade Practices Act, and negligent misrepresentation.

## FIRST COUNT - UNFAIR AND DECEPTIVE TRADE PRACTICES

41. Plaintiff incorporates, re-alleges, and adopts by reference paragraphs 1-40, as though fully set forth herein.

42. Defendant Scottsdale's conduct, as alleged herein, constitutes violations of the North Carolina Unfair and Deceptive Trade Practices Act, N.C. Gen. Stat. § 75-1.1, *et seq.*

43. Defendant Scottsdale misrepresented to Plaintiff that the damages to Plaintiff's Property were not wind damages or wind-related damages caused by Hurricane Irene and thus, not covered under the Policy, even though the damages were caused by a covered occurrence.

44. Defendant Scottsdale's unfair settlement practice, as described herein, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. N.C. Gen. Stat. § 58-63-15(11)(a); N.C. Gen. Stat. § 75-1.1, *et seq.*

45. Defendant Scottsdale's unfair settlement practice, as described herein, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though liability under the Policy is reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.

46. Defendant Scottsdale's unfair settlement practices of deceptively denying Plaintiff's claim by concluding the damage to Plaintiff's Property was not a result of Hurricane Irene, and of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claims with Plaintiff, even though its liability under the Policy was reasonably clear, constitutes an unfair and deceptive act or practice in the business of insurance. N.C. Gen. Stat. § 58-63-15(11)(f); N.C. Gen. Stat. § 75-1.1, *et seq.*

47. Defendant Scottsdale's unfair settlement practice, as described herein, of failing to provide, or promptly provide, Plaintiff with a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiff's claim constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. N.C. Gen. Stat. § 58-63-15(11)(n), N.C. Gen. Stat. § 75-1.1, *et seq.*

48. Defendant Scottsdale's unfair settlement practice, as described herein, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff, or to submit a reservation of rights to Plaintiff, within a reasonable time after proof-of-loss statements have been completed constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. N.C. Gen. Stat. § 58-63-15(11)(e), N.C. Gen. Stat. § 75-1.1, *et seq.*

49. Defendant Scottsdale's unfair settlement practice, as described herein, of refusing to pay Plaintiff's claim without conducting a reasonable investigation constitutes an unfair method of competition and unfair and deceptive act or practice in the business of insurance. N.C. Gen. Stat. § 58-63-15(11)(d), N.C. Gen. Stat. § 75-1.1, *et seq.*

50. Defendant Scottsdale failed to meet its obligations under North Carolina law regarding acknowledging and/or acting reasonably promptly upon communication with respect to Plaintiff's claims arising under the Policy constitutes an unfair method of competition and unfair and deceptive act or practice in the business of insurance. N.C. Gen. Stat. § 58-63-15(11)(b), N.C. Gen. Stat. § 75-1.1, *et seq.*

51. Defendant Scottsdale failed to meet its obligations under North Carolina law regarding adopting and implementing reasonable standards for the prompt investigation of claims arising under insurance policies, including Plaintiff's Policy. Defendant Scottsdale's conduct constitutes a violation of N.C. Gen. Stat. § 58-63-15(11)(c), N.C. Gen. Stat. § 75-1.1, *et seq.*

52. Defendant Scottsdale refused to pay Plaintiff's full and entire claim without conducting a reasonable investigation based upon all available information. Defendant Scottsdale's conduct constitutes a violation of N.C. Gen. Stat. § 58-63-15(11)(d), N.C. Gen. Stat. § 75-1.1, *et seq.*

53. Defendant Scottsdale's conduct in attempting to settle Plaintiff's claim for less than an amount to which a reasonable man would have believed Plaintiff was entitled constitutes a violation of N.C. Gen. Stat. § 58-63-15(11)(h), N.C. Gen. Stat. § 75-1.1, *et seq.*

54. Defendant Scottsdale's conduct, as described herein, constitutes unfair or deceptive acts or practices undertaken during the course of commerce and affecting commerce in the State of North Carolina, which directly and proximately caused injury to Plaintiff.

55. Defendant Scottsdale's conduct as alleged herein further constitutes a direct violation of the North Carolina Unfair and Deceptive Trade Practices Act, N.C. Gen. Stat. § 75-1.1, *et seq.* Defendant failed to attempt in good faith to effectuate prompt, fair and equitable settlement of claims in which liability has become reasonably clear, and thereby also engaged in unfair or deceptive acts or practices in or affecting commerce declared unlawful under N.C. Gen. Stat. § 75-1.1.

## SECOND COUNT – BREACH OF CONTRACT

56. Plaintiff incorporates, re-alleges, and adopts by reference paragraphs 1-55 as though fully set forth herein.

57. Defendant Scottsdale is liable to Plaintiff for breach of the insurance contract with Plaintiff.

58. Plaintiff entered into a valid insurance contract with Defendant Scottsdale providing coverage against loss from wind and wind-related damage caused by hurricanes and other wind-related events.

59. Plaintiff suffered covered losses under the insurance contract as a result of wind and wind-related damages caused by Hurricane Irene during the effective period of the Policy.

Page 10

Case 4:14-cv-00188-H   Document 1-1   Filed 10/06/14   Page 12 of 19

60. Plaintiff complied with his duties after a loss under the Policy and insurance contract between Scottsdale and Plaintiff and all conditions precedent have been performed or have occurred.

61. Defendant Scottsdale failed and/or refused to perform its contractual duties to adequately compensate Plaintiff under the terms of the Policy and refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property.

62. To date, Defendant Scottsdale has failed and/or refused to honor its contractual obligations to cover Plaintiff's losses in accordance with the terms of the Policy and insurance contract and failed to pay the adequate compensation as it is obligated to do under the terms of the Policy and insurance contract in question and under the laws of the State of North Carolina.

63. Defendant Scottsdale's conduct, as alleged herein, constitutes a material breach of the insurance contract between Scottsdale and Plaintiff. As a direct and proximate consequence of Defendant Scottsdale's breach, Plaintiff has suffered damages.

### THIRD COUNT – BAD FAITH CLAIM SETTLEMENT

64. Plaintiff incorporates, re-alleges, and adopts by reference paragraphs 1-63 as though fully set forth herein.

65. Defendant Scottsdale's conduct constitutes unlawful bad faith claim settlement under the insurance contract between Plaintiff and Scottsdale in violation of North Carolina law.

66. Defendant Scottsdale has acknowledged Plaintiff possesses a valid claim under the insurance contract but, to date, has acted in bad faith by refusing to pay the full proceeds of the Policy, deliberately undervaluing Plaintiff's loss, and attempting to illegitimately reclassify a substantial portion of the damages to Plaintiff's home as non-covered losses under the insurance

contract and Policy, or as having been caused by a non-covered peril or occurrence pursuant to the Policy.

67. By illegitimately re-classifying Plaintiff's loss suffered as a result of Hurricane Irene, Defendant Scottsdale wrongfully attempted to limit its liability under the insurance contract despite Plaintiff's good faith performance under the contract, payment of premiums, and subsequent reliance on the terms of the Policy and insurance contract.

68. Defendant Scottsdale's bad faith, attempted to re-classify the damages to Plaintiff's Property caused by Hurricane Irene as resulting from a "non-covered peril" or as constituting a non-covered loss under the Policy despite having actual knowledge that the damages resulted from Hurricane Irene winds and although it was aware of its liability to Plaintiff under the Policy and despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny full payment.

69. Defendant Scottsdale knew or should have known that Plaintiff's damages accrued and were continuing to accrue while Scottsdale lacked a justifiable or reasonable basis for their refusal to fully and adequately settle Plaintiff's claim pursuant to the Policy.

70. As a direct and proximate result of Defendant Scottsdale's bad faith settlement practices, Plaintiff has suffered damages.

### FOURTH COUNT – BREACH OF FIDUCIARY DUTY/IMPLIED COMMON LAW DUTY OF GOOD FAITH & FAIR DEALINGS

71. Plaintiff incorporates, re-alleges, and adopts by reference paragraphs 1-70 as though fully set forth herein.

72. Defendant Scottsdale's conduct constitutes a breach of the implied duty of good faith and fair dealing, or fiduciary duty, owed to insureds in insurance contracts.

73. Defendant Scottsdale failed to act in good faith and with due regard to Plaintiff's interest.

Page 12

74. Defendant Scottsdale had a duty to Plaintiff to act in good faith and investigate the damage to Plaintiff's property.

75. Plaintiff entered into a contract with Defendant Scottsdale for the sole purpose of Defendant Scottsdale compensating Plaintiff if a covered loss occurred.

76. Plaintiff expected Defendant Scottsdale to properly conduct an investigation of the loss and adequate compensate Plaintiff for the covered loss.

77. Instead, Defendant Scottsdale performed an outcome-oriented and substandard investigation, and denied payment for covered damages.

78. Defendant Scottsdale's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claim, although at the time Scottsdale knew or should have known that its liability was reasonably clear, constitutes a breach of its fiduciary duty, or duty of good faith and fair dealing, owed to Plaintiff.

## FIFTH COUNT – NEGLIGENT MISREPRESENTATION

79. Plaintiff incorporates, re-alleges, and adopts by reference paragraphs 1-78 as though fully set forth herein.

80. Defendant Scottsdale, while in the course of its business and its investigation, adjusting, and settlement of Plaintiff's claim, supplied false information to Plaintiff, as further alleged herein, upon which Plaintiff justifiably relied to his detriment.

81. Defendant Scottsdale negligently misrepresented material facts and/or concealed all or part of material information from Plaintiff in the course of their investigation and settlement of Plaintiff's Hurricane Irene claim upon which Plaintiff justifiably relied to his detriment.

82. Defendant Scottsdale supplied false information to Plaintiff regarding Plaintiff's claim and losses made the basis of this suit and coverage under the Policy, without exercising

Page 13

Case 4:14-cv-00188-H   Document 1-1   Filed 10/06/14   Page 15 of 19

reasonable care in obtaining or communicating the information, and Plaintiff had no opportunity to investigate and could not have learned the true facts about the misleading or false information supplied by Defendant Scottsdale upon reasonable inquiry. As a result, Plaintiff suffered damages, including pecuniary losses.

83. Defendant Scottsdale's misrepresentations set forth above, and Plaintiff's justifiable reliance thereon, proximately caused Plaintiff to suffer damages, including pecuniary losses.

## DAMAGES

84. Plaintiff incorporates, re-alleges, and adopts by reference paragraphs 1-83 as though fully set forth herein.

85. As previously stated, the damages caused by Hurricane Irene have not been fully or adequately addressed in the months since the storm, causing further damages to the Property and/or causing Plaintiff to be unable to make necessary repairs to restore his home to its pre-Hurricane Irene condition and has suffered injury and damages, and causing undue hardship and burden to Plaintiff.

86. Further, the delay in making repairs caused by the bad faith, unfair, and deceptive investigation and settlement of Plaintiff's claim has caused Plaintiff to suffer additional damage. These damages are a direct result of Defendant Scottsdale's mishandling of Plaintiff's claim in violation of the laws set forth above.

87. As such, damages should be assessed and judgment rendered in favor of Plaintiff and against Defendant Scottsdale in an amount consistent with the claims and allegations set forth herein and proven at trial.

88. For Defendant's conduct in violation of the provisions of N.C. Gen. Stat. § 75-1.1 and § 58-63-15, damages should be assessed and judgment rendered in favor of Plaintiff and against

Defendant for treble the amount fixed by the verdict pursuant to N.C. Gen. Stat. § 75-16, plus attorney fees, court costs, and interest as allowed by law and as would reasonably and justly compensate Plaintiff in accordance with the rules of law and procedure.

89. Plaintiff complains of Defendant Scottsdale and prays that this Defendant be cited to appear and answer and, upon final trial on the merits, Plaintiff have and recover from Defendant the damages stated herein.

## JURY TRIAL DEMAND

90. Plaintiff hereby requests that all causes of action alleged herein be tried before a jury consisting of citizens residing in Lenoir County, North Carolina.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for a trial before a jury and, upon trial thereof, respectfully requests that this Honorable Court grant judgment in his favor and against Defendant. Plaintiff further prays to have and recover such sums as would reasonably and justly compensate him in accordance with the applicable rules of law and procedure, including the following:

1. Actual, compensatory, and/or consequential damages in an amount consistent with the allegations contained herein and to be proven at trial;

2. Treble damages, and all exemplary damages as allowed by law, and in an amount consistent with the allegations contained herein and to be proven at trial;

3. Attorney's fees, for the trial and any appeal of this case, pursuant to North Carolina General Statutes Chapter 75 or as otherwise allowed by law;

4. For all costs of this suit on his behalf expended, for prejudgment and postjudgment interest as allowed by law; and

5. For such other and further relief, at law or in equity, to which Plaintiff may be justly entitled.

RESPECTFULLY SUBMITTED ON THIS _22nd_ DAY OF AUGUST, 2014,

By: _Richard Paxton_
Richard G. Paxton
(pro hac vice admission pending)
Texas Bar No. 24000558
rgpaxton@mostynlaw.com
**MOSTYN LAW FIRM**
3810 West Alabama Street
Houston, Texas 77027
(713) 861-6616 (Office)
(713) 861-8084 (Facsimile)

**ATTORNEYS FOR PLAINTIFF**

LOCAL COUNSEL:

By: _G. Chris Olson w/ permission_
John Alan Jones
N.C. Bar No. 10376
jaj@m-j.com
**MARTIN & JONES, PLLC**
G. Chris Olson
N.C. Bar No. 21223
gco@m-j.com
**MARTIN & JONES, PLLC**
410 Glenwood Ave., Suite 200
Raleigh, NC 27603
(919) 821-0005 (Telephone)
(919) 863-6086 (Facsimile)

Page 16

Case 4:14-cv-00188-H   Document 1-1   Filed 10/06/14   Page 18 of 19

U.S. POSTAGE PAID
HOUSTON, TX
77201
SEP 05, 14
AMOUNT
$12.66
00087065-09

85258



1000

7196 9008 9111 7719 1173
RETURN RECEIPT REQUESTED

RESTRICTED DELIVERY

Scottsdale Insurance Company
c/o Michael D. Miller, President
8877 North Gainey Center Drive
Scottsdale, AZ 85258

RETURN RECEIPT REQUESTED
USPS® MAIL CARRIER
DETACH ALONG PERFORATION

Thank you for using Return Receipt Service

Thank you for using Return Receipt Service